**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

DALE A. FINN,              )
                                     )
             Plaintiff,     )
                                     )     **MEMORANDUM OPINION**
     v.                      )    **AND RECOMMENDATION**
                                     )
MICHAEL J. ASTRUE,       )        1:07CV00904
Commissioner of Social Security,  )
                                     )
             Defendant.  )

Plaintiff, Dale A. Finn, brought this action pursuant to section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for a period of disability and Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act). The parties have filed cross-motions for judgment, and the administrative record has been certified to the court for review.

**Procedural History**

Plaintiff filed an application for DIB on January 19, 2005, alleging a disability onset date of May 20, 2004. See Tr. 65. The application was denied initially and upon reconsideration. Tr. 27, 28. Plaintiff requested a hearing de novo before an Administrative Law Judge (ALJ). Tr. 39. Present at the hearing, held on August 10, 2006, were Plaintiff, his attorney, and a vocational expert (VE). Tr. 203.

By decision dated April 27, 2007, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. Tr. 14. On November 2, 2007, the Appeals

Council denied Plaintiff's request for review of the ALJ's decision, Tr. 4, thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review.

In deciding that Plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

> 1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2.    The claimant has not engaged in substantial gainful activity since May 20, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).  . . .
>
> 3.    The claimant has the following severe impairments:  degenerative disc disease of the lumbar spine and left shoulder disorder (20 CFR 404.1520(c)).

Tr. 16.   The ALJ next found that Plaintiff did not have an impairment, or a combination of impairments, that either met or medically equaled one of the "Listing of Impairments."  Tr. 19 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1 and 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

The ALJ continued:

> 5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift 20 pounds, stand and walk six hours in an eight hour day, sit for about six hours in an eight hour day[.]  He is limited in his ability to perform constant reaching, handling, and fingering with his left upper extremity; but can perform these functions frequently with his non-dominant left upper extremity.

2

Tr. 20. Given this residual functional capacity (RFC), together with the VE's testimony, the ALJ found that Plaintiff was capable of performing his past relevant work (PRW) as a general dentist, both as he performed it and as described in the Dictionary of Occupational Titles[1] (hereafter, the DOT). Tr. 25. Accordingly, the ALJ decided that Plaintiff was not under a "disability," as defined in the Act, from May 20, 2004, through the date of her decision. Tr. 26.

**Analysis**

In his brief before the court, Plaintiff argues that the Commissioner's findings are in error because the ALJ did not properly evaluate the opinion of his treating physician. The Commissioner contends otherwise and urges that substantial evidence supports the determination that Plaintiff was not disabled.

Scope of Review

The Act provides that, for "eligible"[2] individuals, benefits shall be available to those who are "under a disability," defined in the Act as the inability:

---

[1] The Dictionary of Occupational Titles, a Labor Department guide to job ability levels that has been approved for use in Social Security cases, is the Commissioner's primary source of reliable job information. See 20 C.F.R. § 404.1566(d)(1).

[2] Eligibility requirements for DIB are found at 42 U.S.C. § 423(a)(1).

to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).[3]

To facilitate a uniform and efficient processing of disability claims, the Social Security Administration, by regulation, has reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Act's listing of impairments, (4) has an impairment which prevents PRW and (5) has an impairment which prevents him from doing any other work. Section 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Substantial evidence is:

---

[3]  The regulations applying this section are contained in the Code of Federal Regulations (C.F.R.) at Title 20, "Employees' Benefits," and all regulatory references will be thereto.

4

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that this conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Issue

Treating Physician's Opinion

Robert A. Wainer, M.D. is the orthopaedist who operated on Plaintiff's left shoulder on November 24, 2004. See Tr. 133. Five days later, Plaintiff embarked on a course of physical therapy. See Tr. 175. Plaintiff had surgical follow-up with Dr. Wainer on December 2 and 28, 2004, and again on January 25 and March 8, 2005. Tr. 129-32. On March 8, Dr. Wainer terminated Plaintiff's physical therapy, and opined that Plaintiff would "remain disabled from his regular job as a dentist because symptoms will recur in the shoulder if he goes back to *repetitive motion type work*." Tr. 129 (emphasis added). Although Plaintiff had several more medical

5

visits through July 20, 2006, he did not return to Dr. Wainer, nor do the records reflect another shoulder complaint.

The regulations require that all medical opinions in a case be considered, section 404.1527(b), but treating physician opinions are accorded special status, <u>see</u> section 404.1527(d)(2). "Courts typically 'accord greater weight to the testimony of a treating physician because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant.'" <u>Hines v. Barnhart</u>, 453 F.3d 559, 563 (4th Cir. 2006) (quoting <u>Johnson v. Barnhart</u>, 434 F.3d 650, 654 (4th Cir. 2005) (internal citation omitted)). The rule, however, does not mandate that her opinion be given controlling weight. <u>See</u> <u>Hunter v. Sullivan</u>, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). "It is error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." Social Security Ruling (SSR) 96-2p, 61 Fed. Reg. 34490-01, 34491. <u>See also</u> section 404.1527. Thus, "[by negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." <u>Craig v. Chater</u>, 76 F.3d 585, 590 (4th Cir. 1996). <u>See also</u> <u>Mastro v. Apfel</u>, 270 F.3d 171, 178 (4th Cir. 2001) ("Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence."). Further, although a treating physician may offer an

6

opinion as to a claimant's RFC, the final responsibility for deciding this issue is reserved to the Commissioner, and no special significance will be given to the source of such opinion. Section 404.1527(e)(2),(3).

In evaluating Dr. Wainer's opinion, the ALJ stated, "Little weight is given to this statement as the claimant is right hand dominant not left. Dr. Wainer's statement talks about possible recurrence and refers incorrectly to the job requirements of dentist[s] as involving repetitive motion." Tr. 24. Plaintiff complains that "the ALJ failed to determine whether Dr. Wainer's opinion is well-supported by clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the case record." Pl.'s Br. at 5.

Plaintiff's argument, however, is inapposite, as Dr. Wainer's opinion is not, as Plaintiff asserts, a "medical opinion," i.e., an opinion "about the nature and severity of an individual's impairment(s)." SSR 96-2p, 61 Fed. Reg. at 34490.

> [T]he value of a medical source's opinion is found in "judgments about the nature and severity" of a claimant's impairments; a medical source's conclusions that a claimant is "'disabled' or 'unable to work'" are "not give[n] any special significance" because such dispositive findings are reserved to the ALJ.

Casey v. Astrue, 503 F.3d 687, 695 (8th Cir. 2007) (citing sections 404.1527(a)(2) and (e)(1),(3)). Dr. Wainer's statement clearly addresses, not the "nature and severity" of Plaintiff's impairment, but rather, his ability to work; more specifically, the exertional requirements of Plaintiff's PRW. Accordingly, it is not due any special significance, much less "controlling weight." See, e.g., SSR 96-2p, 61 Fed. Reg.

7

at 34490 (providing that medical opinions "are the only opinions that may be entitled to controlling weight"). Accordingly, Plaintiff has not shown that the ALJ committed reversible error in her assessment of Dr. Wainer's opinion.

Moreover, the ALJ supported her decision with substantial evidence. She observed that a state agency expert found that Plaintiff could perform frequent, although not constant, overhead reaching with his left upper extremity. Tr. 25; <u>see also</u> Tr. 156. The ALJ accepted this assessment. Tr. 25.

The ALJ also noted that, on January 30, 2006, Plaintiff reported that he was active, exercising, and stretching regularly. Tr. 19; <u>see also</u> Tr. 183. On March 13, 2006, Plaintiff told his primary care physician that he was exercising at a gym three to five times per week. Tr. 185; <u>see also</u> Tr. 19. The ALJ explained that, since Plaintiff's surgery, he has not required repeat prescriptions for narcotic pain medications. Tr. 23. Specifically, the ALJ summarized:

> The objective medical evidence does not show significant limitation of motion in the left shoulder which would preclude the use of the left upper extremity for any continuous 12 month period. There is no evidence of any numbness or weakness involving the left hand. The claimant testified that he had no loss of dexterity. The claimant is right handed. Six months after his alleged onset of disability, he had successful surgery to his left shoulder and is not shown to have significant residual impairment. Physical therapy records show "goals met" as of April 26, 2005 [Tr. 170]. Therapy records show he had no complaints as of January 11, 200[5] [Tr. 173]. . . . By February 23, 2005, he was performing prone extension exercises involving 10 pound weights along with pulley exercises, prone horizontal abduction and other stretching exercises [Tr. 178]. He has not been seen by his orthopedist for left shoulder problems since March 2005. His testimony

indicated that he takes only over the counter pain medications at the present time.

Id.

The ALJ further relied on the VE's testimony that Plaintiff performed his work as specified in DOT Code 072.101-010. Tr. 25; see also Tr. 226. The VE stated that, as to the upper extremities, the DOT required frequent use and static sustained use of the dominant hand which, in Plaintiff's case, is the right hand. Tr. 228. The non-dominant hand, however, could be used to hold the patient's head or mouth steady, but was not used for needles or drills. Tr. 228-29. Only the hand, and not the full upper extremity, would be involved in reaching and handling. Tr. 229. Although overhead reaching and abduction might be required, it would not be frequent.

Plaintiff has challenged neither the ALJ's RFC finding nor her reliance on the VE's testimony, and "[a VE's] testimony based on a properly phrased hypothetical question constitutes substantial evidence." Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005) (internal citations omitted). See also Hines v. Barnhart, 453 F.3d 559, 566 (4th Cir. 2006). Hence, Dr. Wainer's opinion is inconsistent with substantial evidence. As Plaintiff's RFC, as found by the ALJ, is consistent with his performance of his PRW, as established by the VE, there is no error in the ALJ's step four finding.

9

**Conclusion and Recommendation**

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and the correct legal principles were applied. Therefore, **IT IS RECOMMENDED** that the Commissioner's decision finding no disability be **AFFIRMED**. To this extent, Plaintiff's motion for summary judgment (pleading no. 9) seeking a reversal of the Commissioner's decision should be **DENIED**, Defendant's motion for judgment on the pleadings (pleading no. 11) should be **GRANTE**D, and this action should be **DISMISSED** with prejudice.

WALLACE W. DIXON
United States Magistrate Judge

April 17, 2008